of his whereabouts between his leaving the saloon and his death. Neither is it shown where or how he died, or who found his body, or under what circumstances it was found. Dr. John Clayland was sworn as a witness for the prosecution, and testified that on November ninth, between four and five o'clock in the afternoon, he made an autopsy upon Horton's body, and that, in his opinion, he had then been dead from twelve to twenty-four hours. He found abrasion on the limbs; the eyes were black; there was a wound over the right eye, discoloration extending down to the cheeks; bruises on the side of the head. He stated the cause of death to have been inflammation of the meninges of the brain, and gave it, as his opinion, that the cause of that inflammation was the blow which inflicted the wound over the eye. The deceased was shown to have been a drunkard for a long time. He had been in the hospital in October prior to his death, suffering severely from alcoholism, and his lungs, heart and kidneys were found in the autopsy to be in a very advanced state of disease. The physicians called on the trial differed as to the cause of Horton's death. All agreed that the inflammation, which was the immediate cause of death, might have resulted from other causes than the blow over the eye. Dr. Clayland thought the blow the proximate cause of death, while the other physicians appeared to be of the opinion that it was just as probable that death was the result of alcoholism. Dr. Burnett, who was called by the prosecution, testified that he could not say whether the primary cause of death was the blow or other cause; that the blow might have caused the inflammation, but he was unwilling to swear that it did. The primary cause of Horton's death was plainly pure speculation. It was, in the first place, an inference solely that Kerrigan struck him over the eye. No one saw the blow struck, and Horton did not directly assert that Kerrigan had struck him. His remark that Kerrigan must have used a knife on him was rather an inference drawn from the wound and the presence of the blood on his face. Such a statement from a drunken man has, we think, very little probative force. Beyond the slight loss of blood, Horton appeared not to have suffered any ill effects from the blow, however received, and when he left the saloon was in about as good physical condition as he was when he entered it. Giving to all this evidence the full effect claimed for it, and which the jury appear to have given it, it does not permit the conclusion beyond a reasonable doubt that Horton died from the effects of Kerrigan's blow. The absence of any evidence as to the subsequent movements of Horton throws great doubt on the cause of his death. Kerrigan was sworn as a witness in his own behalf and denied striking the blow. His version of the matter was, that when Horton came toward him he fell and cut himself; that he lifted him to his feet, and was struggling with him when McDermott separated them. He denied having a knife or inflicting the wound, and his testimony appears to be as worthy of credit as that of any of the other witnesses who were in the saloon. We think the evidence is of too weak a character to sustain the verdict, and the judgment should be reversed and a new trial granted. Pratt and Dykman, JJ., concurred.

In the Matter of the Estate of Harriet M. Foster, Deceased.— Decree of the surrogate affirmed, with costs.—

PRATT, J.: In the above matter the surrogate from whose decision the appeal was taken has filed an opinion which fully states the ground upon which the decree was entered. I recommend an affirmance without

any further opinion, with costs. Dykman and Cullen, JJ., concurred.

The People of the State of New York ex rel. The New York and Eastern Telegraph and Telephone Company, Respondent, v. George W. Plympton and Others, Constituting Board of Commissioners of Electrical Subways of the City of Brooklyn, Appellants.— Order affirmed, with ten dollars costs and disbursements.—

DYKMAN, J.: This is an appeal from an order which awarded to the relators a peremptory writ of mandamus, requiring the board of commissioners of electrical subways of the city of Brooklyn to approve a plan and grant a permit to the New York and Eastern Telegraph and Telephone Company to erect and suspend telegraph and telephone wires from and along the Kings County Elevated railway and to place electrical conductors in subways to be constructed along certain streets in the city. Our examination satisfies us that the proper disposition was made of the case by the Special Term, and the reasons therefor are satisfactory. The order should be affirmed, with ten dollars costs and disbursements. Pratt, J., concurred; Cullen, J., not sitting.

Matilda Clark, Respondent, v. The City of Newburgh, Appellant.— Judgment and order denying motion for new trial affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying the motion of the defendant for a new trial upon the minutes of the court. The action was for the recovery of damages resulting from an injury sustained by the plaintiff from a collision with a wagon. It appeared upon the trial that the plaintiff was thrown down and injured at a crosswalk in one of the public streets of the city of Newburgh, by a wagon drawn by two horses which were driven by a person in the employ of the defendant. In respect to the question of the negligence of the driver of the defendant, and the contributory negligence of the plaintiff, the testimony was such as to make the case a proper one for the jury. The motion for a nonsuit was, therefore, properly denied. There was no exception to the charge of the trial judge, and there was no error committed upon the trial. The judgment and order denying the motion for a new trial is affirmed, with costs. Pratt, J., concurred; Cullen, J., not sitting.

Hanna Johanson, Respondent, v. Olaf A. Sjostrom, Appellant.— Judgment affirmed, with costs. No opinion.

Grant B. Taylor, as Receiver, etc., Respondent, v. The Port Jefferson Milling Company, Appellant.— Judgment affirmed, with costs.—

PRATT, J.: This is an appeal from a judgment entered upon a trial by a judge without a jury. There is no substantial dispute about the facts and the result of the trial seems to be entirely just and proper. At first blush it seems strange that a judgment should have been ordered for the full amount of the note, but it is provided by statute (Laws of 1853, chap. 466, § 13) what shall be the form of the judgment, and no injustice follows because the executors can issue for no more than is actually due, and such course was carried out in this case. At the settlement of the first suit the premium note was not given up and the defendant remained liable upon it for all assessments that had or should accrue prior to the cancellation of the policy, which accrued on the 16th of September, 1890. The contention of the defendant, that the settlement of the first suit was an accord and satisfaction between the plaintiff and defendant or a release of the defendant from further liability, is not sustained by the evidence; in-